IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONDRE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv634 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| KIMBERLY K. CARBULLIDO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Leondre Walker, a prisoner or pretrial detainee who is proceeding pro se and in forma pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted.  The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations by the court-appointed attorney who is presently representing the plaintiff in a state criminal prosecution.  42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights.   To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law."

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment:  is the alleged infringement of federal rights 'fairly attributable to the State?'"   Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983.   See, e.g., Pino v. Higgs, 75 F.3d 1461, 1464-67 (10th Cir. 1996):  "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States.  42 U.S.C. § 1983." Therefore, if the actions of the defendant were "not state action, our inquiry ends." Rendell-Baker v. Kohn, 457 U.S. at 838.

Ordinarily a public defender or other defense attorney is not considered to be acting under color of state law in performing an attorney's traditional functions as counsel to a defendant in state criminal proceedings.  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (appointed counsel in a state criminal prosecution, though paid and

ultimately supervised by the state, does not act "under color of" state law in the normal course of conducting the defense).   A public defender or other defense counsel does not act under color of state law because he or she works under canons of professional responsibility that mandate the exercise of independent judgment on behalf of the client and because of the assumption that counsel will be free of state control.  Id.  Accord Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations.").

This case must be dismissed for failure to state a claim on which relief may be granted against the defendant under the Constitution and laws of the United States.  The plaintiff may be able to bring an action against the defendant in a state court under state law, but he has not stated a claim on which relief may be granted under federal law. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

THEREFORE, IT IS ORDERED:

1.    That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B); and

2.    That judgment will be entered accordingly.

DATED this 8th day of February, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

3